1  Valerie M. Wagner (State Bar No. 173146)
   valerie.wagner@dechert.com
2  **DECHERT LLP**
   1117 California Ave.
3  Palo Alto, CA 94304-1106
   Telephone:    650.813.4800
4  Facsimile:    650.813.4848
   Attorneys for Plaintiff
5  IL FORNAIO (AMERICA) CORP.

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12 IL FORNAIO (AMERICA) CORP., a        Case No. C 06 0427 SBA
   Delaware Corporation,
13                                      **COMPLAINT FOR:**
               Plaintiff,
14                                      1. **BREACH OF CONTRACT**
        v.
15                                      2. **DECLARATORY RELIEF**
   VEGGETTI S.R.L., an Italian limited liability
16 company,                             3. **UNFAIR BUSINESS PRACTICES**

17             Defendant.

18                                      **DEMAND FOR JURY TRIAL**

19

20      Plaintiff IL FORNAIO (AMERICA) CORPORATION ("IL FORNAIO") alleges:

21                              **PARTIES**

22      1.    IL FORNAIO is a Delaware corporation with its principal place of business in the

23 City and County of San Francisco, California.

24      2.    IL FORNAIO is informed and believes, and based thereon alleges, that defendant

25 VEGGETTI S.R.L. is an Italian limited liability company with its principle place of business in

26 Barlissini, Italy.

27 / / /

28 / / /

COMPLAINT; CASE NO.                                                                    1
                                                                             12368108.1

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity among the parties and the amount in controversy exceeds $75,000.

4. This Court may exercise personal jurisdiction over VEGGETTI S.R.L. in that VEGGETTI S.R.L. has engaged in contacts with the forum state sufficient to establish personal jurisdiction.

## VENUE AND INTRADISTRICT ASSIGNMENT

5. Venue in the Northern District of California is proper under 28 U.S.C. § 1391(b)-(c) because a substantial part of the events giving rise to the claims occurred in this district.

6. Intradistrict Assignment to the San Francisco Division of the Northern District of California is proper under Local Rule 3-2(c)-(d) because a substantial part of the events which give rise to the claims occurred in the City and County of San Francisco.

## FACTUAL BACKGROUND

**The 1981 License Agreement**

7. Williams-Sonoma first brought the concept of "Il Fornaio" retail bakeries from Italy to the United States and, in 1981, entered into a license agreement (via an entity called "The Salad Store, Inc.") with VEGGETTI S.R.L. to operate retail bakery stores under the name "Il Fornaio." (*See* Exhibit A, attached hereto).

8. Pursuant to the 1981 License Agreement, VEGGETTI S.R.L. gave The Salad Store a perpetual and exclusive license to "use the [Italian] Il Fornaio Marks in connection with the operation, promotion of" "certain stores in the [United States] to be engaged in the retail sales of bread and other baked goods." The 1981 License Agreement also granted The Salad Store an exclusive and perpetual license to "use and sub-license the use of the Operating Procedures in connection with the operation of the [retail bakery stores]." In turn, VEGGETTI S.R.L. was to receive an annual royalty, not to exceed $350,000, in the following tiered structure: three (3) percent of annual sales up to $5 million, not to exceed a royalty of $150,000; two percent of annual sales in excess of $5 million but less than or equal to $10 million, not to exceed a royalty

COMPLAINT; CASE NO.    2

12368108.1

of $100,000; and one percent of annual sales in excess of $10 million but less than or equal to $30 million, not to exceed a royalty of $100,00.

9. Williams-Sonoma ultimately opened the first Il Fornaio retail bakery in 1981. In 1983, Williams-Sonoma sold the business to a group of private investors.

**The 1986 Revised License Agreement**

10. In late 1986, IL FORNAIO entered into a Revised License Agreement with VEGGETTI S.R.L. (Exhibit B, attached hereto.) The Revised License Agreement expressly terminated the 1981 License Agreement and superseded all of its terms. The Revised License Agreement was different in several material terms from the 1981 License Agreement, both with respect to the scope of IL FORNAIO's license rights, and with respect to the structure of the monetary consideration due VEGGETTI S.R.L.

11. Pursuant to the Revised License Agreement, VEGGETTI S.R.L. granted to IL FORNAIO a "perpetual, exclusive and royalty free license (i) to use and sublease the use of the Operating Procedures in the [United States], and (ii) to use and to sublease the use of the Il Fornaio Marks in the [United States]." Unlike the license granted in the 1981 License Agreement, the license to the Italian Il Fornaio Marks in the Revised License Agreement was not limited to use in retail bakery stores. The Revised License Agreement also provided that IL FORNAIO could establish retail bakery stores anywhere in the United States utilizing the "basic criteria suggested by [VEGGETTI S.R.L.] so as not to disrupt the image of the Il Fornaio stores already existing in Italy and elsewhere in Europe."

12. Recital A of the Revised License Agreement defines "Il Fornaio Marks" as "the Italian trademark 'IL FORNAIO' and . . . all designs, phrases, signs and related items using the term 'Il Fornaio' as presently utilized in Italy by" VEGGETTI S.R.L.

13. Recital B of the Revised License Agreement defines the Operating Procedures as including "basic designs for store layouts and for fixturization, advertising strategies, sales techniques, procedures for quality control, recipes, operating routines, packaging and display techniques, and the utilization of raw materials, supplies and technical equipment." Recital B further states that the "Operating Procedures are the property of VEGGETTI S.R.L., but "have not

been reduced to writing."

14. In consideration for the license grants and other agreements in the Revised License Agreement, and in full satisfaction of any prior claims against IL FORNAIO, VEGGETTI S.R.L. received $50,000 in cash and a percentage of the issued and outstanding shares of IL FORNAIO. (*See* Agreement for Purchase of Stock, Exhibit C, attached hereto.)

15. In a letter dated March 7, 2000, VEGGETTI S.R.L. acknowledged that it had "accepted to cancel [its] rights to receive any royalties from [IL FORNAIO] and that was partially compensated when replaced with preferred shares of [IL FORNAIO]."

16. In addition to license and monetary compensation provisions, the Revised License Agreement also provides, *inter alia*, that:

   a. VEGGETTI S.R.L. "agrees to observe complete confidentiality with respect to all aspects of the Operating Procedures, including without limitation, not disclosing or otherwise permitting access to the Operating Procedures to any person or entity other than a person or entity expressly authorized in writing by [IL FORNAIO] to have access to the Operating Procedures."

   b. VEGGETTI S.R.L. "hereby indemnifies and agrees to save [sic] [IL FORNAIO] harmless from and against any liabilities, costs or expenses incurred by [IL FORNAIO] as a result of [VEGGETTI S.R.L.'s] breach of any of the foregoing representations, warranties and agreements."

   c. VEGGETTI S.R.L. "also hereby agrees to defend [IL FORNAIO's] right to use the Il Fornaio Marks and the Operating Procedures against anyone claiming to have acquired such rights directly or indirectly from [VEGGETTI S.R.L.] or any of its present shareholders or from companies or entities controlled directly or indirectly by any of the foregoing."

   d. "It is further understood and agreed that the Operating Procedures are actual, practical methods of operating and that [IL FORNAIO] shall at all times be given full access to all of [VEGGETTI S.R.L.'s] knowledge, know-how and experience with respect thereto."

   e. "[A]ll developments, improvements, additions, deletions, changes and enhancements in and to the Operating Procedures (the 'Developments') shall promptly be communicated to [IL FORNAIO]; and for all purposes of this License Agreement, the term

1  'Operating Procedures' shall include all such Developments; provided, however, that in no event shall [IL FORNAIO's] rights to use or sublicense the use of Operating Procedures be reduced or in any way abridged as a result of any such developments."

17. The Revised License Agreement further provides that VEGGETTI S.R.L. could terminate the agreement only if IL FORNAIO "shall commit a material breach of this Agreement and shall have failed to cure such breach within thirty (30) days following its receipt of written notice thereof from [VEGGETTI S.R.L.] (which notice shall specify in precise detail the nature and extent of such breach) and [VEGGETTI S.R.L.] shall within ninety (90) days following [IL FORNAIO's] receipt of such notice give written notice of the date such termination shall be effective."

**Il Fornaio Builds Its Restaurant & Wholesale Bakery Businesses**

18. IL FORNAIO opened its first Il Fornaio restaurant in Corte Madera, California, in 1987, and currently operates 23 Il Fornaio restaurants in four Western states. Seventeen of these restaurants are in California. Some Il Fornaio restaurants have within them a retail market selling baked goods and other Italian products such as olive oil, balsamic vinegar, wine and coffee. These retail markets have historically accounted for only a small percentage of IL FORNAIO's sales. IL FORNAIO also operates three wholesale bakeries that supply baked goods to Il Fornaio restaurants, as well as to grocery stores, coffee retailers, hotels and other restaurants.

19. Beginning in 1993, IL FORNAIO's business strategy began moving away from freestanding retail bakeries and in 1995, IL FORNAIO decided to dispose of all such remaining stores. There are currently no freestanding retail bakery stores operated by IL FORNAIO under the Il Fornaio name.

20. At all times since VEGGETTI S.R.L. and/or its affiliates became IL FORNAIO shareholders, VEGGETTI S.R.L. has been aware of the specific nature of IL FORNAIO's business operations. IL FORNAIO's annual reports going back at least as far as 1994 have described its restaurants, the small retail markets selling Italian food and wine products in some of those restaurants, and the wholesale bakery operations. These annual reports also explained IL FORNAIO's decision and rationale for getting out of the retail bakery store business. In a letter

1  dated March 7, 2000, VEGGETTI S.R.L. acknowledged receiving the annual reports.

2       21.    IL FORNAIO went public in 1997 in an initial public offering that raised approximately $16.5 million. In 2001, IL FORNAIO again became a privately-held company pursuant to a management buy-out. Through what IL FORNAIO is informed and believes, and based thereon alleges is a related corporate entity, VEGGETTI S.R.L. remains a significant IL FORNAIO shareholder to this day.

**Il Fornaio Trademarks**

     22.    After the parties entered into the Revised License Agreement, IL FORNAIO desired to become the registered assignee of VEGGETTI S.R.L.'s existing trademarks relating to the name "Il Fornaio," and further desired to register additional trademarks with the United States Patent and Trademark Office.

     23.    At the time that the parties entered into the Revised License Agreement, VEGGETTI S.R.L. was the registered owner of two "Il Fornaio" trademarks, both of which were effectively assigned to IL FORNAIO upon the execution of the Revised License Agreement, and which were the subject of formal assignment with the Patent and Trademark Office on February 3, 1992. These trademarks are:

     a.    <u>Registration No. 1,234,608</u>: For goods and services pertaining to tote bags, hand bags and umbrellas; wooden furniture for shops; and shopping bags made of jute. This mark was cancelled as of January 17, 2004.

     b.    <u>Registration No. 1,271,995</u>: For goods and services pertaining to bread.

     24.    VEGGETTI S.R.L. also had a trademark application pending for restaurant services, which it expressly abandoned at IL FORNAIO's request, effective October 23, 1992.

     25.    VEGGETTI S.R.L. and its agents have acknowledged on several occasions that IL FORNAIO acquired all of VEGGETTI S.R.L.'s rights to Il Fornaio marks in the United States. On or about May 14, 1996, counsel for VEGGETTI S.R.L. stated in a letter addressed to his client and provided to IL FORNAIO that "the American company to which you assigned the U.S.A. IL FORNAIO trademark *owns rights* on the mark solely as far as the U.S.A. territory is concerned." (Emphasis added.) This counsel again stated in a letter to IL FORNAIO dated June 26, 1996, that

COMPLAINT; CASE NO.                                                                                                      6

12368108.1

there are "***absolutely no doubts that [IL FORNAIO] acquired all rights*** on the mark IL FORNAIO in the U.S.A." (Emphasis added.)

26. On or about February 3, 2000, VEGGETTI S.R.L. sent a letter to IL FORNAIO requesting permission to use "the 'IL FORNAIO' trade mark . . . and to use the logo of 'the baker' which is printed on the menus, dishes, advertising and packaging material and possibly the supply of some products like the wine from California labeled Il Fornaio." VEGGETTI S.R.L. acknowledged that it was asking this as "a personal favor . . . to guarantee the trade mark expansion around the world." IL FORNAIO denied this request in a letter dated February 18, 2000. VEGGETTI S.R.L. responded in a letter dated March 7, 2000, expressing its disappointment, but acknowledging that it had assigned the Il Fornaio marks in the United States to IL FORNAIO.

27. In addition to the trademark assignments from VEGGETTI S.R.L., IL FORNAIO itself subsequently secured additional registrations of "Il Fornaio" and derivate names, and is currently the registered owner of seven live registrations pertaining to goods and services in the areas of restaurant and bar services; food take out; retail specialty food stores; mail order and online retail stores featuring baked goods, olive oils and vinegars, pastas, coffees, wines, clothing, cookbooks and giftbaskets; baking and food preparation educational services and course materials; wholesale bakery shop services; olive oil; and bread.

28. As a result of these registrations and assignments, IL FORNAIO's rights to use the name "Il Fornaio" on its restaurants operations, retail goods and wholesale goods are not dependent on the terms of the Revised License Agreement.

**Veggetti S.R.L. Purports to Terminate the Revised License Agreement**

29. On or about August 15, 2005, VEGGETTI S.R.L. sent a letter captioned "NOTICE OF DEFAULT" to IL FORNAIO. In this letter, VEGGETTI S.R.L. contended that IL FORNAIO was in default of the Revised License Agreement due to IL FORNAIO's agreement to supply Il Fornaio bakery goods to Trader Joe's. The letter claimed that Trader Joe's "is a low end supermarket with an image that is not in keeping with the upscale and boutique bakery stores that Il Fornaio has created in Italy and Europe over the last 32 years." The letter gave IL FORNAIO

30 days to cure the purported default "by terminating the agreement with Trader Joe's and removing any Il Fornaio brand product from Trader Joe's stores."

30. VEGGETTI S.R.L.'s August 15, 2005 letter also stated that "to avoid future problems," it would be "reducing to writing the Operating Procedures," and that it would be "completed and submitted to [IL FORNAIO] shortly."

31. IL FORNAIO has never received any such written Operating Instructions from VEGGETTI S.R.L., either before the August 15, 2005 letter or at any time thereafter.

32. On or about September 7, 2005, IL FORNAIO sent a letter through its counsel to VEGGETTI S.R.L. responding to the "default notice" and explaining that IL FORNAIO was not in default of the Revised License Agreement because there was no restriction on wholesale products in said agreement, and that in any event, Trader Joe's was a retailer of many upscale, gourmet products.

33. VEGGETTI S.R.L. responded through California-based counsel with a letter on October 10, 2005, taking a different position as to why IL FORNAIO was in default. It was not simply that IL FORNAIO was supplying wholesale bakery goods to Trader Joe's, but rather that IL FORNAIO's "arrangement to sell 'Il Fornaio' branded product in *any establishment or outlet other than an Il Fornaio store*" violates the Revised License Agreement. (Emphasis added.) The letter offered no explanation for this change in position, nor did it explain why VEGGETTI S.R.L. would make such a contention after knowing of IL FORNAIO's branded wholesale bakery operations for over a decade. The letter did, however, advise that VEGGETTI S.R.L. "is terminating the Revised License Agreement pursuant to Section 5.13(B) of the agreement effective January 1, 2006.

34. Through its counsel, IL FORNAIO again responded on November 4, 2005, with a letter detailing its position concerning its rights under the Revised License Agreement and its own trademark registrations.

35. On or about November 10, 2005, representatives and counsel for VEGGETTI S.R.L. and IL FORNAIO met in San Francisco to discuss the disputes between the parties. At this meeting, VEGGETTI S.R.L.'s counsel stated that it was ready to sue if the parties could not

COMPLAINT; CASE NO.    8

12368108.1

negotiate a resolution.

36. On or about January 13, 2005, VEGGETTI S.R.L. sent IL FORNAIO a letter stating that "the Revised License Agreement has now been terminated, effective January 1, 2006, in accordance with Section 5.13(B) of the agreement." This letter also demanded that IL FORNAIO "cease all use of the 'IL FORNAIO' marks in general, and promptly re-assign all active U.S. trademark registrations, including No. 1, 271,995, and assign all registrations for derivative marks, to Veggetti, S.R.L."

37. On or about January 13, 2006, another individual affiliated with VEGGETTI S.R.L. informed IL FORNAIO that VEGGETTI S.R.L. was prepared to file a complaint against IL FORNAIO.

## COUNT ONE

### (Breach of Contract)

38. IL FORNAIO incorporates by reference the above paragraphs as though set forth fully herein.

39. Based on the Revised License Agreement, the parties had a contractual relationship, pursuant to which, *inter alia*, IL FORNAIO received certain license rights and VEGGETTI S.R.L. received compensation in the form of cash and an equity interest in IL FORNAIO.

40. IL FORNAIO has performed all of its obligations with respect to the Revised License Agreement, except for those obligations that may have been excused or prevented by VEGGETTI S.R.L.'s own conduct.

41. By the acts and omissions as alleged herein, including but not limited to VEGGETTI S.R.L.'s unfounded "notice of default," and its improper termination of the Revised License Agreement, VEGGETTI S.R.L. has breached the Revised License Agreement.

42. As a direct and proximate result of VEGGETTI S.R.L.'s breaches as set forth herein, IL FORNAIO has suffered and continues to suffer damages in excess of $1 million, in an amount to be proven at trial.

/ / /

43. As a further and proximate result of VEGGETTI S.R.L.'s breaches as herein alleged, IL FORNAIO has been forced to retain counsel to prosecute this Complaint.

## COUNT TWO

### (Declaratory Judgment)

44. IL FORNAIO incorporates by reference the above paragraphs as though set forth fully herein.

45. An actual controversy has arisen and now exists between IL FORNAIO and VEGGETTI S.R.L. concerning their respective rights and duties toward each other, in that VEGGETTI S.R.L. contends and IL FORNAIO denies that:

    a. IL FORNAIO materially breached the Revised License Agreement by entering into an agreement to supply "Il Fornaio" branded bakery goods to Trader Joe's.

    b. IL FORNAIO materially breached the Revised License Agreement by arranging to sell any "Il Fornaio" branded goods in any establishment or outlet other than an Il Fornaio store.

    c. VEGGETTI S.R.L. is entitled to terminate the Revised License Agreement.

    d. IL FORNAIO's rights to the Il Fornaio and derivative trademarks currently registered to IL FORNAIO are subject to the Revised License Agreement.

    e. IL FORNAIO is obligated to assign to VEGGETTI S.R.L. the Il Fornaio and derivative trademarks currently registered to IL FORNAIO following VEGGETTI S.R.L.'s purported termination of the Revised License Agreement.

    f. VEGGETTI S.R.L. has an ownership interest in or rights to the Il Fornaio and derivative trademarks currently registered to IL FORNAIO.

46. IL FORNAIO seeks a judicial determination of the respective rights and duties of the parties with respect to the Revised License Agreement. Such a declaration is necessary and appropriate at this time in order that IL FORNAIO may ascertain its rights and obligations with respect to the Revised License Agreement. Furthermore, a determination of these rights will prevent a multiplicity of actions.

///

## COUNT THREE

### (Unfair Business Practices)

### (Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*)

47. IL FORNAIO incorporates by reference the above paragraphs as though set forth fully herein.

48. VEGGETTI S.R.L.'s acts and omissions alleged herein above constitute common law unfair competition and unlawful and unfair business practices proscribed under the common law and by California Business & Professions Code section 17200, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, IL FORNAIO prays as follows:

1. The Court enter judgment declaring that, under the terms of the Revised License Agreement:

    a. IL FORNAIO did not and would not materially breach said agreement by entering into an agreement to supply "Il Fornaio" branded bakery goods to Trader Joe's.

    b. IL FORNAIO did not and would not materially breach said agreement by arranging for the sale of any "Il Fornaio" branded goods in any establishment or outlet.

    c. VEGGETTI S.R.L. is not entitled to terminate the Revised License Agreement.

    d. IL FORNAIO's rights to the Il Fornaio and derivative trademarks currently registered to IL FORNAIO are not subject to the Revised License Agreement.

    e. IL FORNAIO is not obligated to assign to VEGGETTI S.R.L. the Il Fornaio and derivative trademarks currently registered to IL FORNAIO.

    f. VEGGETTI S.R.L. has no ownership interest in or rights to, or any rights to use, assign, register, or otherwise assert any ownership interest in or rights to, the Il Fornaio and derivative trademarks currently registered to IL FORNAIO.

2. The Court award to IL FORNAIO compensatory damages according to proof;

3. The Court award to IL FORNAIO restitution;

/ / /

1      4.   The Court grant to IL FORNAIO such other and further relief as the Court may

2  deem just and proper.

3  Dated: January 23, 2006               DECHERT LLP

4
5                                        By: /s/ Valerie M. Wagner
                                         Valerie M. Wagner
                                         Attorneys for Plaintiff
6                                        IL FORNAIO (AMERICA) CORP.

## DEMAND FOR JURY TRIAL

IL FORNAIO (AMERICA) CORP. hereby demands a trial by jury of all issues so triable.

Dated: January 23, 2006                DECHERT LLP

By: *Valerie M. Wagner*
Valerie M. Wagner
Attorneys for Plaintiff
IL FORNAIO (AMERICA) CORP.

COMPLAINT; CASE NO.                                                                                             13
12368108.1

**CERTIFICATION OF INTERESTED ENTITIES OR PARTIES**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: January 23, 2006

DECHERT LLP

By: *Valerie M. Wagner* (signature)
Valerie M. Wagner
Attorneys for Plaintiff
IL FORNAIO (AMERICA) CORP.